# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

AQUA-ASTON HOSPITALITY, LLC, d/b/a
ASTON WAIKIKI BEACH HOTEL AND
HOTEL RENEW,

    Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD,

    Respondent.

No. 17-1117

## PETITION FOR REVIEW

Comes now Petitioner Aqua-Aston Hospitality, LLC ("Petitioner"), by its undersigned attorneys, and hereby petitions the United States Court of Appeals for the District of Columbia to review and set aside the Decision and Order of the National Labor Relations Board in NLRB Case Nos. 20-CA-145717, 20-CA-145720, 20-CA-145725, 20-CA-146582, 20-CA-146583 and 20-CA-148013, all dated April 11, 2017, and to stay enforcement of the NLRB Order pending this Court's review and decision. A true and correct copy of the NLRB Decision and Order is attached as **Exhibit A**, along with a Corporate Disclosure Statement.

DATED: Honolulu, Hawaii, April 19, 2017.

        Respectfully submitted,
        TORKILDSON, KATZ, MOORE,
        HETHERINGTON & HARRIS,
        Attorneys at Law, A Law Corporation

By: _____
        ROBERT S. KATZ
        Attorneys for Petitioner
        AQUA-ASTON HOSPITALITY, LLC,
        d/b/a ASTON WAIKIKI BEACH HOTEL
        AND HOTEL RENEW

        ROBERT S. KATZ (Hawaii SBN 712
        & DC Circuit Court Number 55518)
        TORKILDSON, KATZ, MOORE,
        HETHERINGTON & HARRIS
        700 Bishop Street, 15th Floor
        Honolulu, HI 96813-4187
        Telephone:  (808) 523-6000
        Facsimile:  (808) 523-6001
        rsk@torkildson.com

# EXHIBIT A

NOTICE: This opinion is subject to formal revision before publication in the bound volumes of NLRB decisions. Readers are requested to notify the Executive Secretary, National Labor Relations Board, Washington, D.C. 20570, of any typographical or other formal errors so that corrections can be included in the bound volumes.

**Aqua-Aston Hospitality, LLC f/k/a Aston Hotels and Resorts, LLC d/b/a Aston Waikiki Beach Hotel and Hotel Renew *and* UNITE HERE! Local 5.** Cases 20–CA–145717, 20–CA–145720, 20–CA–145725, 20–CA–146582, 20–CA–146583, and 20–CA–148013

April 11, 2017

DECISION AND ORDER

BY ACTING CHAIRMAN MISCIMARRA AND MEMBERS PEARCE AND MCFERRAN

The General Counsel seeks default judgment in this case pursuant to the terms of an informal settlement agreement. UNITE HERE! Local 5 (the Union) filed charges on February 3, February 18, and March 11, 2015, respectively, against Aqua-Aston Hospitality, LLC f/k/a Aston Hotels and Resorts, LLC d/b/a Aston Waikiki Beach Hotel and Hotel Renew (the Respondent), alleging that the Respondent violated Section 8(a)(1) of the Act.

On April 29, 2015, prior to the issuance of a consolidated complaint, the Regional Director for Region 20 approved an informal settlement agreement. Pursuant to the terms of the settlement agreement, the Respondent agreed, among other things, to: (1) refrain from impliedly threatening to discipline or terminate off-duty employees for engaging in activities protected by Section 7 of the Act in nonwork areas of its premises; (2) refrain from threatening employees with adverse consequences if they engage in union or other protected concerted activities; and (3) refrain from interfering with, restraining, or coercing its employees in the exercise of their Section 7 rights in any like or related manner.

The "Performance" provision of the settlement agreement also contained the following noncompliance provision:

> The Charged Party agrees that in case of non-compliance with any of the terms of this Settlement Agreement by the Charged Party, and after 14 days notice from the Regional Director of the National Labor Relations Board of such non-compliance without remedy by the Charged Party, the Regional Director will issue a Complaint that includes the allegations covered by the Notice to Employees, as identified above in the Scope of Agreement section, as well as filing and service of the charge(s), commerce facts necessary to establish Board jurisdiction, labor organization status, appropriate bargaining unit (if applicable), and any other allegations the General Counsel would ordinarily plead to establish the unfair labor practices. Thereafter, the General Counsel may file a Motion for Default Judgment with the Board on the allegations of the Complaint. The Charged Party understands and agrees that all of the allegations of the Complaint will be deemed admitted and that it will have waived its right to file an Answer to such Complaint. The only issue that the Charged Party may raise before the Board will be whether it defaulted on the terms of this Settlement Agreement. The General Counsel may seek, and the Board may impose, a full remedy for each unfair labor practice identified in the Notice to Employees. The Board may then, without the necessity of trial or any other proceeding, find all allegations of the Complaint to be true and make findings of fact and conclusions of law consistent with those allegations adverse to the Charged Party on all issues raised by the pleadings. The Board may then issue an Order providing a full remedy for the violations found as is appropriate to remedy such violations. The parties further agree that a U.S. Court of Appeals Judgment may be entered enforcing the Board Order ex parte, after service or attempted service upon Charged Party at the last address provided to the General Counsel.
>
> Enforcement of this provision of the Agreement shall be limited to only the Aston Waikiki Beach Hotel, 2570 Kalakaua Avenue, Honolulu, Hawaii 96815, and Hotel Renew, 129 Paoakalani Avenue, Honolulu, Hawaii 96815.
>
> Notwithstanding the provisions of this paragraph, no default shall be asserted based on this paragraph after six (6) months from the date of the Regional Director's approval of the Settlement Agreement assuming that the Charging Party has entered into the Agreement . . . .

Thereafter, the Union filed separate charges and amended charges against the Respondent in Case 20–CA–154749 on June 23 and October 20, 2015, respectively, and in Case 20–CA–157769 on August 11 and September 24, 2015, respectively. By letter dated October 15, 2015, the Regional Director notified the Respondent that by engaging in the conduct alleged in those charges, the Respondent was in noncompliance with the settlement agreement. The letter advised the Respondent of the General Counsel's intention to seek default judgment in the settled cases after successfully proving the 8(a)(1) violations alleged in those post-settlement charges. The Respondent did not reply.

365 NLRB No. 44

Accordingly, on October 28, 2015, the Regional Director issued a consolidated complaint.[1] On July 15, 2016, the General Counsel filed a Motion for Default Judgment and supporting memorandum with the Board.[2] On July 20, 2016, the Board issued an order transferring the motion to the Board and Notice to Show Cause why the motion should not be granted. The Respondent filed an opposition to the General Counsel's motion, and the General Counsel filed a response.

### Ruling on Motion for Default Judgment

The Respondent asserts that the General Counsel's motion for default judgment is time-barred, based on the provision in the settlement agreement stating that "no default shall be asserted based on this paragraph after six (6) months from the Regional Director's approval of the Settlement Agreement." As stated above, the Regional Director approved the settlement agreement on April 29, 2015. According to the Respondent, although the General Counsel informed the Respondent of his intent to seek default judgment on October 15, 2015, the term "assert" required the General Counsel to commence default proceedings, not just provide notice of an intent to institute default proceedings, on or before October 29, 2015.

In his reply, the General Counsel argues that the Respondent reads the "Performance" provision of the settlement agreement too restrictively and that the Regional Director asserted without equivocation, on October 15, 2015, that the Respondent had defaulted on the settlement agreement's terms by its actions in post-settlement Cases 20–CA–154749 and 20–CA–157769. According to the General Counsel, the Regional Director further confirmed this assertion by issuing the consolidated complaint on October 28, 2015, within the 6-month period.

We agree with the General Counsel. The "Performance" provision of the settlement agreement states that in case of noncompliance and after 14 days' notice, the Regional Director will issue a complaint and may thereafter file a motion for default judgment. The term "assert," contained in the 6-month limitation clause of the settlement agreement, is clearly linked to the initiation of this process—i.e., the provision of notice. Nothing in the settlement agreement expressly requires the General Counsel to file the motion for default judgment within the 6-month period.[3] Therefore, because the General Counsel notified the Respondent that it was in default of the settlement agreement within the 6-month period, the motion for default judgment was timely filed. By the Respondent's actions in the post-settlement case, *Aqua-Aston Hospitality*, supra, the Respondent breached the terms of the settlement agreement. Accordingly, we grant the General Counsel's Motion for Default Judgment.[4]

On the entire record, the Board makes the following

### FINDINGS OF FACT

#### I. JURISDICTION

At all material times, the Respondent, a limited liability company with an office and place of business in Honolulu, Hawaii, has been operating hotels providing food and lodging, including the Aston Waikiki Beach Hotel and Hotel Renew.

In conducting its operations during the 12-month period ending May 31, 2016, the Respondent derived gross revenues in excess of $500,000, and purchased and received at its Honolulu, Hawaii facilities products, goods, and materials valued in excess of $5000 directly from points outside the State of Hawaii.

We find that the Respondent is an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act, and that the Union, UNITE HERE! Local 5, is a labor organization within the meaning of Section 2(5) of the Act.

#### II. ALLEGED UNFAIR LABOR PRACTICES

At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of the Respondent within the meaning of Section 2(11) of the Act and agents of the

---

[1] On May 31, 2016, Administrative Law Judge Mara-Louise Anzalone issued a decision finding the Respondent engaged in conduct that violated at least three cease-and-desist provisions of the settlement Notice with which the Respondent was required to comply. On April 10, 2017, the Board issued a decision adopting the judge's findings. *Aqua-Aston Hospitality, LLC d/b/a Aston Waikiki Beach Hotel and Hotel Renew*, 365 NLRB No. 53 (2017) (*Aqua-Aston Hospitality*). The Board also implicitly denied the General Counsel's request to consolidate the instant motion with the post-settlement case.

[2] The General Counsel did not move for default judgment in two cases that were initially a part of the settlement, Cases 20–CA–145772 and 20–CA–149639, and which alleged that the Respondent promulgated and/or maintained unlawful rules in violation of Sec. 8(a)(1).

[3] There is no record evidence of the parties' intent when executing this 6-month limitation. However, we note that, in bringing this default judgment motion, the Regional Director followed the procedures set forth in the General Counsel's OM-Memorandum 14-48 (April 10, 2014). We find it unlikely that the parties would have agreed to a limitation that would have inhibited this process, which the Respondent's proffered interpretation would undoubtedly do.

[4] The Respondent's contentions that the General Counsel waived any right to seek default judgment by issuing the 2015 consolidated complaint and that the General Counsel's motion for default judgment was premature because it was filed before the Board issued a final decision in the post-settlement case (20–CA–154749, et al.) are without merit. See *Conagra Foods, Inc.*, 361 NLRB No. 113 (2014), enf. denied in part and remanded 813 F.3d 1079 (8th Cir. 2016).

Respondent within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| Marissa Cacacho | - | Executive Housekeeper |
| Mark DeMello | - | General Manager |
| Liane Kelly | - | Senior Vice President and Associate General Counsel |
| Inocencio Llamas | - | Housekeeping Supervisor |
| Lillian Mesiona | - | Front Office Supervisor |
| Connie Quibilan | - | Housekeeping Supervisor |
| Elvira Rivera | - | Housekeeping Supervisor |

1. At all material times, Andrew Smith has been a security site supervisor, security guard, and an agent of the Respondent within the meaning of Section 2(13) of the Act.

2. (a) About February 3, 2015, the Respondent, by Andrew Smith, engaged in surveillance of its employees engaged in union and protected concerted activities on the sidewalk outside the Aston Waikiki Beach Hotel.

(b) About February 3, 2015, the Respondent, by Lillian Mesiona, engaged in surveillance of its employees engaged in union and protected concerted activities on the sidewalk outside the Aston Waikiki Beach Hotel.

(c) About February 3, 2015, the Respondent, by Elvira Rivera, engaged in surveillance of its employees engaged in union and protected concerted activities on the sidewalk outside the Aston Waikiki Beach Hotel.

3. (a) About February 3, 2015, the Respondent, by Inocencio Llamas, interrogated its employees in the Hotel Renew's lunchroom about their union membership, activities, and sympathies.

(b) About February 3, 2015, the Respondent, by Inocencio Llamas, interrogated its employees in Inocencio Llamas' office at the Hotel Renew about their union membership, activities, and sympathies.

(c) About February 3, 2015, the Respondent, by Marissa Cacacho and Elvira Rivera, interrogated its employees in Marissa Cacacho's office at the Aston Waikiki Beach Hotel about their union membership, activities, and sympathies and the union membership, activities, and sympathies of other employees.

(d) About February 22, 2015, the Respondent, by Elvira Rivera, interrogated its employees in a guest room at the Hotel Renew about their union membership, activities, and sympathies.

4. About February 14, 2015, the Respondent, by Inocencio Llamas and Connie Quibilan, in the housekeeping department at the Aston Waikiki Beach Hotel, directed its employees to remove and/or not to wear union insignia.

5. (a) About February 19, 2015, the Respondent, by Elvira Rivera, in the housekeeping department at the Aston Waikiki Beach Hotel, solicited employee signatures on a petition withdrawing support from the Union.

(b) About February 21, 2015, the Respondent, by Elvira Rivera, in a guest room in the Aston Waikiki Beach Hotel, solicited employee signatures on a petition withdrawing support from the Union.

(c) About February 22, 2015, the Respondent, by Elvira Rivera, in the housekeeping department at the Aston Waikiki Beach Hotel, solicited employee signatures on a petition withdrawing support from the Union.

6. (a) About February 21, 2015, the Respondent, by Elvira Rivera, in a guest room in the Aston Waikiki Beach Hotel, threatened employees with adverse employment consequences and/or unspecified reprisals if employees did not sign a petition to withdraw support from the Union.

(b) About February 22, 2015, the Respondent, by Elvira Rivera, in the housekeeping department at the Aston Waikiki Beach Hotel, threatened employees with adverse employment consequences and/or unspecified reprisals if employees did not sign a petition to withdraw support from the Union.

7. About March 7, 2015, the Respondent, by Andrew Smith, in the lower lobby/porte-cochere area of the Aston Waikiki Beach Hotel, impliedly threatened its off-duty employees, including Jonathan Ching, with discipline, discharge, and/or unspecified reprisals by threatening to issue trespass notices to them for engaging in protected concerted handbilling in a nonwork area.

CONCLUSIONS OF LAW

1. The Respondent violated the terms of the settlement agreement entered into in disposition of Cases 20–CA–145717, 20–CA–145720, 20–CA–145725, 20–CA–146582, 20–CA–146583, and 20–CA–148013 by, on about May 19, 2015, impliedly threatening employees with the loss of their jobs for engaging in Union and/or protected concerted activities by telling them that they were lucky to have jobs, and by, on about August 11, 2015, impliedly threatening off-duty employees with discipline for engaging in Union and/or protected concerted activities in nonwork areas. Accordingly, the settlement agreement is vacated and set aside.

2. By the conduct described above in paragraphs 2, 3, 4, 5, 6, and 7, the Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

3. The unfair labor practices of the Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

REMEDY

Having found that the Respondent engaged in certain unfair labor practices, we shall order it to cease and desist and to take certain affirmative action designed to effectuate the policies of the Act.

ORDER

The National Labor Relations Board orders that the Respondent Aqua-Aston Hospitality, LLC f/k/a Aston Hotels and Resorts, LLC d/b/a Aston Waikiki Beach Hotel and Hotel Renew, its officers, agents, successors, and assigns, shall

1. Cease and desist from

(a) Interrogating employees about their union membership, activities, and sympathies or the union membership, activities, and sympathies of fellow employees.

(b) Placing employees under surveillance while they engage in union or other protected concerted activities.

(c) Directing employees to remove union buttons from their uniforms or other work clothing.

(d) Encouraging or soliciting employees to sign a petition withdrawing support from UNITE HERE! Local 5 or any other labor organization.

(e) Threatening employees with adverse employment consequences or unspecified reprisals for engaging in union or other protected concerted activities.

(f) Threatening or impliedly threatening off-duty employees with adverse employment consequences or unspecified reprisals for handbilling in nonwork areas.

(g) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) Within 14 days after service by the Region, post at its facility in Honolulu, Hawaii copies of the attached notice marked "Appendix" in English, Ilocano and Tagalog.[5] Copies of the notice, on forms provided by the Regional Director for Region 20, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, the notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. If the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since February 3, 2015.

(b) Within 21 days after service by the Region, file with the Regional Director for Region 20 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

Dated, Washington, D.C.  April 11, 2017

---

Philip A. Miscimarra         Acting Chairman

---

Mark Gaston Pearce,              Member

---

Lauren McFerran,                 Member

(SEAL)        NATIONAL LABOR RELATIONS BOARD

APPENDIX

NOTICE TO EMPLOYEES
POSTED BY ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

FEDERAL LAW GIVES YOU THE RIGHT TO

Form, join, or assist a union

Choose representatives to bargain with us on your behalf

Act together with other employees for your benefit and protection

Choose not to engage in any of these protected activities.

WE WILL NOT interrogate you about your union membership, activities, and sympathies or the union member-

---

[5] If this Order is enforced by a judgment of a United States court of appeals, the words in the notice reading "Posted by Order of the National Labor Relations Board" shall read "Posted Pursuant to a Judgment of the United States Court of Appeals Enforcing an Order of the National Labor Relations Board."

AQUA-ASTON HOSPITALITY, LLC D/B/A ASTON WAIKIKI BEACH HOTEL AND HOTEL RENEW                 5

ship, activities, and sympathies of your fellow employees.

WE WILL NOT place you under surveillance while you engage in union or other protected concerted activities.

WE WILL NOT direct you to remove union buttons from your uniforms or other work clothing.

WE WILL NOT encourage or solicit you to sign any documents withdrawing support from UNITE HERE! Local 5 or any other labor organization.

WE WILL NOT threaten you with adverse employment consequences or unspecified reprisals if you engage in union or other protected concerted activities.

WE WILL NOT impliedly threaten to discipline or terminate off-duty employees for engaging in activities protected by Section 7 of the Act in nonwork areas of our premises.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights listed above.

AQUA-ASTON HOSPITALITY, LLC F/K/A ASTON HOTELS AND RESORTS, LLC D/B/A ASTON WAIKIKI BEACH HOTEL AND HOTEL RENEW

The Board's decision can be found at www.nlrb.gov/case/20–CA–145717 or by using the QR code below. Alternatively, you can obtain a copy of the decision from the Executive Secretary, National Labor Relations Board, 1015 Half Street, S.E., Washington, D.C. 20570, or by calling (202) 273–1940.





UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

AQUA-ASTON HOSPITALITY, LLC,
d/b/a ASTON WAIKIKI BEACH
HOTEL AND HOTEL RENEW,

    Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD,

    Respondent.

CASE NO. 17-1117

## RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Petitioner Aqua-Aston Hospitality, LLC d/b/a Aston Waikiki Beach Hotel and Hotel Renew ("Aston") is a Hawaii limited liability company engaged in operating the Aston Waikiki Beach Hotel and Hotel Renew in Waikiki, Honolulu, Hawaii. ILG, Inc., a Delaware Corporation, through various intermediary entities owns a 10% or greater ownership interest in Aston.

2137607.V1

DATED: Honolulu, Hawaii, April 19, 2017.

TORKILDSON, KATZ, MOORE,
HETHERINGTON & HARRIS,
Attorneys at Law, A Law Corporation

*[signature]*

ROBERT S. KATZ (Hawaii SBN 712 &
DC Circuit Court Number 55518)

Attorneys for Petitioner
AQUA-ASTON HOSPITALITY, LLC,
d/b/a ASTON WAIKIKI BEACH HOTEL
AND HOTEL RENEW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true, accurate and correct copy of the foregoing PETITION FOR REVIEW was duly served by placing said documents in the U.S. Mail, First Class Postage, and by Email on the following parties at their last known address as follows:

| | |
|---|---|
| Jill H. Coffman, Regional Director<br>National Labor Relations Board<br>Region 20<br>901 Market Street, Suite 1400<br>San Francisco, CA 94103-1735 | jill.coffman@nlrb.gov |
| Trent K. Kakuda<br>Counsel for the Acting General Counsel<br>National Labor Relations Board<br>Sub-Region 37<br>P.O. Box 50208<br>Honolulu, Hawai'i 96850 | Treant.Kakuda@nlrb.gov |
| Jennifer Cynn, Esq.<br>UNITE HERE! Local 5<br>1516 South King Street<br>Honolulu, Hawai'i 96826 | jcynn@unitehere5.org |

I HEREBY CERTIFY that a true, accurate and correct copy of the foregoing Petition for Review was duly served via Hand Delivery and by Email on the following party at their last known address as follows:

| | |
|---|---|
| Linda Dreeben<br>Deputy Associate General Counsel<br>Appellate and Supreme Court Litigation<br>National Labor Relations Board<br>1099 14th Street, N.W.<br>Washington, D.C. 20570-0001 | ldreeben@nlrb.gov |

2137607.V1

- 2 -

DATED:  Honolulu, Hawai'i, April 19, 2017.

> TORKILDSON, KATZ, MOORE,
> HETHERINGTON & HARRIS,
> Attorneys at Law, A Law Corporation
>
> _____
> ROBERT S. KATZ (Hawaii SBN 712 &
> DC Circuit Court Number 55518)
>
> Attorneys for Petitioner
> AQUA-ASTON HOSPITALITY, LLC,
> d/b/a ASTON WAIKIKI BEACH HOTEL
> AND HOTEL RENEW